(C. D. 450)

GEO. WM. RUEFF, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 12, 1941)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

149

KEEFE, Judge:   This suit arising at New Orleans involves certain iron or steel drums of foreign manufacture originally imported into the United States as containers of nitric acid and thereafter exported empty.   Subsequently the drums were returned refilled with nitric acid and duty was assessed thereon at 25 per centum ad valorem under paragraph 328 of the Tariff Act of 1930.   The plaintiff claims that the drums are entitled to free entry under the provision in paragraph 1615 of the act of 1930, reading as follows:

drums of iron, steel, or other metal of either domestic or foreign manufacture, used for the shipment of acids, or other chemicals, which shall have been actually exported from the United States; but proof of the identity of such articles shall be made, under general regulations to be prescribed by the Secretary of the Treasury, * * *

In accordance with the foregoing provision the Customs Regulations of 1931, as amended March 5, 1935, in T. D. 47559, provided as follows:

Art. 400.—Drums—Quicksilver flasks.— * * *

(b) * * * metal drums of foreign manufacture for the shipment of acids or other chemicals, if actually exported from the United States and used on exportation or reimportation as containers of such articles, shall be exempt from duty if exported in accordance with the regulations contained in article 397 (c-d-e), except that the notice of intent shall be on customs Form 4481 and the certificate of exportation issued by the collector on customs Form 4473, and if there are filed in connection with the entry an affidavit of the importer on customs Form 3289 and certificates of the foreign shipper and the American consul as prescribed in paragraphs (c) and (d) of this article. * * * Prior to exportation from the United States, the drums of foreign manufacture must be permanently and indelibly marked for identification by means of a plate or a steel die.

(c) A foreign shipper desiring to return to the United States any articles described in the preceding paragraph should furnish the American consul at the place of shipment with a certificate * * *.

(d) The consul, after verification of the foreign shipper's certificate from the records of his office, will issue a certificate * * *.

(e) If claim for exemption from duty for foreign * * * drums is made at the time of entry, the certificates of the foreign shipper and American consul may be accepted if produced at any time prior to the liquidation of the entry.

In addition to the foregoing, article 397 cited therein, as amended in T. D. 47559, provides that exporters shall file with the collectors of customs at least 6 hours before the lading of the articles on the exporting vessel, a notice of intent to export and upon receipt by the collector of such notice a customs officer shall be designated to examine and verify the shipment, supervise the lading thereof on the exporting vessel, and report the facts in regard thereto by indorsement on the notice of intent.   Thereupon the collector will issue a certificate of exportation describing the articles, giving a copy thereof to exporter

and forwarding the original to the American consul for the district to which the shipment of the drums is made.

At the trial it was established that the drums in question were actually exported from the United States but through inadvertence the notice of intent to export was not furnished the collector until after the drums were laden upon the exporting vessel. The customs officer refused to accept the notice and the outward shipment was not verified. Consequently a certificate of exportation was not issued by the collector. When the foreign shipper filed his certificate for verification by the consul at Oslo, Norway, the consul refused to verify the same, stating that no certificate of exportation had been received from the collector at New Orleans for the involved drums.

We are of the opinion that the regulations of the Secretary of the Treasury as to notice of intent to export and certificate of exportation of drums of foreign manufacture, exported and returned to the United States filled with acids or similar products, are mandatory, and compliance therewith constitutes a condition precedent to the free entry thereof under the provisions of paragraph 1615 of the Tariff Act of 1930. See *American Cyananid Sales Co. et al.* v. *United States*, Abstract 32200.

In view of the mandatory requirements of the regulations, and following the decision cited, we feel constrained to enter judgment in favor of the defendant. It is so ordered.